UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RONALD DWIGHT EADY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00432 |
| BIG G EXPRESS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Ronald Dwight Eady filed a pro se employment discrimination Complaint against Big G Express. (Doc. No. 1). The Court granted Eady's application to proceed as a pauper and directed him to provide a right-to-sue notice from the Equal Employment Opportunity Commission. (Doc. No. 5). Eady timely submitted a right-to-sue notice.[1] (Doc. No. 6).

Accordingly, the case is now before the Court for initial review of the Complaint. The Court must conduct an initial review and dismiss any Complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

---

[1] For the purposes of initial review, Eady's right-to-sue notice indicates that he has exhausted administrative remedies concerning the claims raised in the Complaint.

**A.     Standard of Review**

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004); see also Brown v. Mastauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

In reviewing the Complaint, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must (1) view the Complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether the factual allegations "plausibly suggest an entitlement to relief," Williams, 631 F.3d at 383 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

**B.     Factual Allegations**

Liberally construing the Complaint, it appears that Eady, an African-American male, began working at Big G Express as a truck driver on May 16, 2019. (Doc. No. 1 at 5). He soon noticed racial bias in the company's pet policy. (Id.) Although the company had a policy that allowed drivers to ride with their dogs, Big G Express informed Eady that his dog was not allowed. (Id.) Chief Operations Officer Greg Thomas, a white man, rejected Eady's "verification papers" and gave Eady a list of approved dog breeds. (Id.) Eady arranged for a kennel for his dog. (Id.) However, Eady later met a white co-worker who brought to work a similar dog. (Id.) Eady believes that unequal enforcement of the pet policy demonstrates a "clear bias" by Big G Express in favor of white employees. (Id.)

On August 13, 2019, Eady became ill while returning from an interstate delivery. (Id.) He notified his supervisor and was directed to seek medical attention. (Id.) After receiving diagnostic tests, Eady was admitted to St. Thomas hospital for eight days. (Id.) Eady kept his supervisor informed during this time. (Id.) On August 21, 2019, Eady was discharged from the hospital. (Id.) Big G Express requested that Eady go directly to Physicians Mutual in Murfreesboro, Tennessee for a DOT Physical to establish fitness to work. (Id.) Upon Eady's arrival, however, the clinic declined to review his medical records, refused him service, and "told him that his heart condition was an issue." (Id.) Eady immediately requested an accommodation from Big G Express in the form of office work or work as a dispatcher, citing his ten years of experience in dispatching. (Id.) Big G Express rejected the request under the pretense that Eady was inexperienced. (Id.) Big G Express terminated Eady the same day. (Id.)

C.  **Analysis**

Eady brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (Id. at 5). These statutes are key parts of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 342 (2013). Title VII makes it unlawful for an employer to discriminate against any individual with respect to his "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" regarding hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); Keith v. Cnty. of Oakland, 703 F.3d 918, 923 (6th Cir. 2013).

1.  **Title VII**

For a Title VII discrimination claim, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position in question; and (4) he was treated differently from similarly situated individuals outside of his protected class. Wright v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006); Smith v. City of Salem, Ohio, 378 F.3d 566, 570 (6th Cir. 2004) (citing Perry v. McGinnis, 209 F.3d 597, 601 (6th Cir. 2000)). An adverse employment action involves material changes in employment status, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998), and "[t]he Sixth Circuit has consistently held that *de minimis* employment actions are not materially adverse and, thus, not actionable." Crane v. Mary Free Bed Rehab. Hosp., 634 F. App'x 518, 523 (6th Cir. 2015) (quoting

4

Bowman v. Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000)). As the Court of Appeals explained:

> Not every action taken by an employer that potentially affects an employee rises to the level of an adverse employment action. White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 796-97 (6th Cir. 2004). Instead, a plaintiff must point to a materially adverse change in the terms or conditions of her employment. Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885 (6th Cir. 1996). Examples of a materially adverse change include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or other indices that might be unique to a particular situation." Id. at 886. At a minimum, the change in employment conditions must be more than an inconvenience or an alteration of job responsibilities. Id.

Crane, 634 F. App'x at 522-23.

Here, Eady's racial discrimination claim is based entirely upon unequal enforcement of the Big G Express policy concerning personal pets riding in trucks based upon an employee's race. Eady alleges that he was denied permission to have his dog ride in the truck while at least one similarly situated white employee was allowed to bring a similar breed to work. The Court infers that the Company allows pets to ride with employees for their safety, comfort and companionship, so this is an important benefit, term or condition of employment. Eady has plausibly alleged that this benefit is afforded based upon an employee's race and, if true, this would violate Title VII. Accordingly, Eady's Title VII racial discrimination claim will not be dismissed.

### 2. ADA

Disability discrimination under the ADA encompasses the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." Brumley v. United Parcel Serv., Inc., 900 F.3d 834, 839 (6th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). For a failure-

to-accommodate claim, a plaintiff must demonstrate that: (1) he was disabled within the meaning of the ADA; (2) he was otherwise qualified for his position, with or without reasonable accommodation; (3) the defendant knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the defendant failed to provide the necessary accommodation. Id. (citing Deister v. Auto Club Ins. Ass'n, 647 F. App'x 652, 657 (6th Cir. 2016); Johnson v. Cleveland City Sch. Dist., 443 F. App'x 974, 982-83 (6th Cir. 2011)). However, a plaintiff need not establish all the prima facie elements at this stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Rather, he need only allege facts sufficient to plausibly suggest an entitlement to relief, Williams, 631 F.3d at 383, and give the defendant "fair notice of what [his] claim is and the grounds upon which it rests." Morgan v. St. Francis Hosp., No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (ADA claim) (quoting Swierkiewicz, 534 U.S. at 512).

In this case, Eady has stated a colorable ADA failure-to-accommodate claim and given Big G Express fair notice of the grounds upon which the claim rests. The liberally-construed Complaint alleges that Eady was disabled; Eady was otherwise qualified for his position; Eady brought his medical condition to the attention of Big G Express; he sought an accommodation; Big G Express refused to accommodate Eady's disability; and Big G Express terminated Eady instead of providing an accommodation. Eady's ADA failure-to-accommodate claim may, therefore, proceed for factual development.

### III. Conclusion

For the reasons explained above, the Court concludes that Eady has stated a non-frivolous

ADA failure-to-accommodate claim and Eady's Title VII discrimination claim.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE