IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD DWIGHT EADY, | ) |
| Plaintiff, | ) ) ) Case No. 3:21-cv-00432 |
| v. | ) ) Judge Waverly D. Crenshaw, Jr. |
| BIG G EXPRESS, | ) Magistrate Judge Jeffrey S. Frensley ) |
| Defendant. | ) ) ) |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default Judgment against Defendant Big G Express (Doc. No. 11). For the following reasons, Plaintiff's Motion **DENIED** without prejudice to refiling. Further, Plaintiff's Motion for Status Update is **DENIED** as moot. (Doc. No. 12).

Plaintiff filed this *pro se* lawsuit and an application for leave to proceed *In Forma Pauperis* ("IFP Application") on June 3, 2021. (Doc. Nos. 1 and 2). The Court granted the IFP Application on June 10, 2021. (Doc. No. 5). On June 28, 2021, the Court instructed Plaintiff to complete and submit a "service packet" to facilitate service of process upon the Defendant by the United States Marshal Service ("USMS"). (Doc. No. 8). On July 15, 2021, Summons was issued as to Big G Express, 190 Hawkins Drive, Shelbyville, TN 37160." (Doc. No. 9). On July 27, 2021, the USMS submitted a Process Receipt and Return indicating that the Summons was sent to the Defendant via Certified Mail on July 16, 2021, and service was "accepted" on July 21, 2021. (Doc. No. 10). Attached to the Process Receipt and Return is a copy of the Certified Mail Return Receipt which was signed for by "S. Fulton." (Doc. No. 10 at PageID # 48).

1

On August 20, 2021, Plaintiff filed the pending Motion for Entry of Default Judgment. (Doc. No. 11). Although Plaintiff's motion is titled "Motion for Entry of Default Judgment," the Clerk construes the Motion as one for entry of default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. A plaintiff must fulfill the procedural requirements of Fed. R. Civ. P. 55(a) and seek an entry of default prior to seeking a default judgment pursuant to Fed. R. Civ. P. 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted).

When seeking entry of default against a corporation pursuant to Federal Rule of Civil Procedure 55(a), Local Rule 55.01 requires that the motion be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 that verifies proof of service and the opposing party's failure to plead or otherwise defend. L.R. 55.01. As a preliminary matter, Plaintiff did not submit the required unsworn declaration in support of his Motion. However, even if he had done so, upon review of the record, Plaintiff would be unable to verify proof of service as required by Local Rule 55.01(i).

Federal Rule of Civil Procedure 4 allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Tennessee Rules of Civil Procedure expressly allow service by mail. Tenn. R. Civ. P. 4.04(10). Service upon a domestic corporation may be made by "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). In this case, the Summons was addressed to "Big G Express" and not to an

2

officer or authorized agent. Although the parcel was apparently delivered, the Return Receipt was signed by "S. Fulton" and neither the Process Receipt and Return nor the Return Receipt provide any information identifying how S. Fulton may be affiliated with the Defendant. Upon review of corporate records maintained by the Tennessee Secretary of State, the Defendant's registered agent for service of process is Greg Thompson, Big G Express, Inc., 190 Hawkins Dr., Shelbyville, TN 37160.[1] As a result, it is clear that S. Fulton is not the registered agent for service of process and there is no evidence in the record to establish that S. Fulton otherwise has authority to accept service of process on behalf of the Defendant.

Accordingly, Plaintiff's Motion for Entry of Default Judgment (Doc. No. 11) is **DENIED** without prejudice. The Clerk's Office is directed to send Plaintiff one service packet. Plaintiff may complete the service packet directed to the registered agent of Big G Express, or to any individual or agent authorized by Tenn. R. Civ. P. 4.04(4) to accept service, and return the completed service packet to the Clerk's Office within **21 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packet the Clerk's Office will direct it to the USMS for service of process consistent with this Court's June 28, 2021 Order. *See* (Doc. No. 8). Finally, Plaintiff's Motion for Status Update is **DENIED** as moot. (Doc. No. 12).

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court

---

[1] https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=06707914009422307916106816010 2085078003025050066 (last accessed September 16, 2021).